IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PERCY EDWARD MOORE,

                  ORDER

      Plaintiff,

                  06-cv-697-bbc

  v.

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff was allowed leave to proceed <u>in forma pauperis</u> on his claim under the Freedom of Information Act, 5 U.S.C. § 552 (a)(4)(B). After the defendant filed an answer, Magistrate Judge Crocker held a pretrial conference.

  Now before the court is plaintiff's motion entitled, "Requesting Injunction Pending Temporary Restraining Order." I understand plaintiff to be asking the court to order the defendant and the Rochester Medical Center to stop intimidating him.

  In the first part of his motion, plaintiff summarizes the case law concerning preliminary injunctions and his understanding of it. Then at page 4 he states:

> The F.B.I. seeks to deny any benefit of justice to Moore though unlawful tactics: discrimination, harassment, obstructive unethical behavioral modification-brainwashing . . . a free

1

> society's best defense against unethical behavior modification is public disclosure and awareness. The more people understand-conscious altering technology, the more likely they are to recognize its application, and the less likely it will be used.

He also states, "These retaliatory measures along with inmates chattering government going to give him a plutonium sandwich meant to scare and frighten plaintiff to drop suit" and that the F.B.I. is retaliating against him by brainwashing him or altering his consciousness. These allegations are inherently incredible. I must deny his motion for preliminary injunctive relief. Lee v. Clinton, 209 F. 3d 1025 (7th Cir. 2000).

In addition, plaintiff states that he is being treated differently from other inmates at the Rochester prison. This claim is not before the court in this case. To pursue relief for this alleged treatment, plaintiff would have to file a separate lawsuit against the individuals he believes are treating him differently from other inmates who are in the same situation as he is in.

In sum, plaintiff's request for an injunction will be denied because he has not shown he is entitled to any preliminary injunctive relief. I also note that in his request for relief plaintiff adds a "motion for attorney fees and cost[s]." He does not explain why he would be entitled to attorney fees or costs. Therefore, his motion for attorney fees and costs will be denied.

ORDER

IT IS ORDERED that plaintiff's motion for injunctive relief and attorney fees and costs, dkt. #31, is DENIED.

Entered this 3rd day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3