IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PERCY EDWARD MOORE,

                            Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,

                            Defendant.

OPINION and ORDER

06-cv-697-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Percy Edward Moore has brought this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), seeking certain records from defendant Federal Bureau of Investigation. Now before the court is defendant's motion for summary judgment, which I will grant.

The Freedom of Information Act provides that "the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). When an agency receives a request for information pursuant to the Freedom of Information Act, it is required to conduct a search "reasonably calculated to uncover all relevant documents." Matter of Wade, 969 F.2d 241, 249 n.11 (7th Cir. 1992) (citing Weisberg

1

v. United States Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

It is undisputed that, shortly after receiving plaintiff's requests for information dated November 1, 2006 and November 6, 2006 and directed at the FBI headquarters, defendant searched the FBI headquarters' Central Records System and Electronic Surveillance Indices. Defendant's search revealed that three files located at the FBI headquarters that may have been responsive to plaintiff's requests were destroyed between 1990 and 1993. The only data retained from those files was a description of the type of investigation related to each file. In a letter dated December 11, 2006, defendant told plaintiff that the records had been destroyed.

In August 2008, when defendant was served a copy of plaintiff's complaint, it conducted an expanded search, searching not only files at the FBI headquarters but also "cross-references," files at the FBI field offices. As a result of the search, defendant determined that the FBI Chicago field office had a document that was not responsive to plaintiff's request for information (because it had been directed at FBI headquarters), but would have been responsive had plaintiff directed his request to the Chicago field office. On January 21, 2009, defendant told plaintiff that he could obtain documents from the Chicago field office by sending a written request directly to that office.

Plaintiff challenges defendant's response to his November 1 and November 6, 2006 requests on two grounds. First, he contends that defendant's first search was not reasonable

2

because it failed to uncover the records in the Chicago field office. I note that plaintiff's requests for information state at the bottom that, "This request is to include all Local Records, as well as records stored or filed at the Central Office of the Agency from which the request is made." If plaintiff thought he needed local records, he should have started at a local office, not the headquarters. 28 C.F.R. § 16.3 ("For records held by a field office of the Federal Bureau of Investigation (FBI) . . . you must write directly to that FBI . . . field office address."). At any rate, the question is not whether defendant's first search was adequate, but whether defendant's search efforts overall have been reasonable. Plaintiff does not deny that defendant ultimately performed a search that uncovered information related to his request at the Chicago field office.

Plaintiff's second argument is that defendant's response was inadequate because it did not provide him a "sworn affidavit" confirming that no records exist. Plaintiff does not provide any support for his position that 5 U.S.C. § 552(a)(4)(B) requires defendant to provide him a "sworn affidavit" describing the disposition of its search. At any rate, in the context of this case, defendant *has* provided the equivalent of a "sworn affidavit," a declaration made under penalty of perjury, made by the former section chief of the Records Management Division at the FBI headquarters.

Defendant performed a thorough search of its records in response to plaintiff's November 1 and November 6, 2006 requests and did not discover any records still in its

3

custody that would be responsive to plaintiff's request. This is all defendants were required to do.

Plaintiff does not put up much of a fight regarding the November 1 and November 6, 2006 requests because he focuses on other requests he has made. First, he takes issue with defendant's efforts to search for and provide a response to a June 6, 2006 request for

> Reports and research of behavioral modification - brainwashing - mind control - experimentations.
> Government hearings on chemical and psychological warfare.
> Classified counter intelligence programs of brainwashing techniques.
> Research in the last twenty-five years on chemical and biological warfare techniques, sitte research - psychic driving - depattern.

However, as I explained in an order entered March 26, 2009, plaintiff's June 6, 2006 request is not at issue in this lawsuit "[b]ecause plaintiff neither described the content of his June 6, 2006 request to the FBI in the body of his complaint nor appended the request to his complaint," as required by Fed. R. Civ. P. 8. Dkt. #43, at 9. Although plaintiff disagrees with this ruling, pointing out that he raised the issue before the court of appeals, for example, he fails to explain how his *complaint* put defendant on fair notice of his claim related to his June 6, 2006 request. At any rate, the June 6, 2006 request was too broad and sweeping to support a claim under the Freedom of Information Act, as I explained in the March 26, 2009 order. Id. at 10.

Next, plaintiff challenges defendant's response to a February 3, 2009 request that

4

plaintiff submitted to the Chicago field office in response to defendant's telling him there may be documents of interest at that office. Plaintiff's request bore some fruit (excerpts from a three-page document), but plaintiff would like additional information about the grounds for defendant's decision to excerpt portions of the document (a "Vaughn index"). The problem is that, like plaintiff's June 6, 2006 request, the February 3, 2009 request is not at issue in this lawsuit. The request was not made until well after this lawsuit was underway and, as defendant points out, plaintiff has not exhausted his administrative remedies for this request. To the extent he is not pleased with the final results of his attempts to receive a Vaughn index from the agency, he will have to file a new lawsuit addressing that request.

Because defendant performed a thorough search in response to plaintiff's November 1 and November 6, 2006 requests for information and determined that no records on file are responsive to plaintiff's request, I conclude that defendant has not "improperly withheld" any document related to these searches. Because these two requests for information are the only ones at issue in this lawsuit, I will grant defendant's motion for summary judgment.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendant Federal Bureau of Investigation is GRANTED. The clerk of court is directed to enter judgment in

5

favor of defendant and close this case.

Entered this 13th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge